UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEFFREY M. DANIELS,<br><br>    Petitioner,<br>vs.<br>TOM L. CAREY,<br><br>    Respondent. | Case No: C 98-03122 SBA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.   INTRODUCTION**

On August 12, 1998, Petitioner, Jeffrey M. Daniels, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In that petition, he argues that his 1982 conviction was invalid due to ineffective assistance of counsel, and a guilty plea that was not knowingly, intelligently, or voluntarily given; and, that the denial of his habeas petition in State court was prejudicial and a miscarriage of justice.  On September 5, 2007, Respondent opposed the petition arguing that Petitioner cannot challenge his 1982 conviction because it is no longer open to direct or collateral attack, and that his challenge to the State's denial of his habeas petition is not a cognizable claim for federal habeas review.  After reviewing the legal briefs, documents submitted, and applicable law, the Court DENIES the petition.

**II.   BACKGROUND**

On February 6, 1979, Petitioner was convicted in San Mateo County of rape by force. (Answer to Order to Show Cause ("Answer"), Exhibit ("Ex") A at 2-3, Docket No. 40.)  On September 24, 1982, Petitioner pled no contest to having committed robbery in San Mateo County. (*Id*.)  Petitioner did not appeal the 1982 conviction and completed his sentence.  (Petition for Writ of Habeas Corpus ("Pet.") at 3, Docket No. 1.)  Thereafter, in 1987, a San Francisco jury convicted

Petitioner of one count of assault by force likely to produce great bodily injury and one count of robbery.  (Answer, Ex. B at 1.)  At the sentencing hearing, on June 5, 1987, the sentencing court received evidence of Petitioner's 1979 and 1982 convictions, making him eligible for sentencing under the State's "habitual offender" sentencing scheme.  (Answer, Ex. A at 6-7.)  Petitioner waived his right to a jury trial to challenge his eligibility for habitual offender status on the basis of these prior convictions.  (Answer, Ex. B at 1-2.)  As a result, the sentencing judge enhanced Petitioner's sentence to a twenty (20) years to life prison term for the assault count of his 1987 conviction, and five (5) years with two consecutive enhancements for the robbery count.  (*Id.* at 2.)  In May 1990, the California Court of Appeal affirmed Petitioner's 1987 conviction and sentence, and denied his petition for writ of habeas corpus.  (*Id.* at 23.)  On February 25, 1998, the California Supreme Court denied his habeas petition as well.  (Answer, Ex. C at 13.)

On August 12, 1998, Petitioner filed a petition for writ of habeas corpus in this Court arguing that his 1982 conviction was invalid due to ineffective assistance of counsel, and a guilty plea that was not knowingly, intelligently, or voluntarily given.  (Pet. at 5-6, Docket No.1.)  Specifically, Petitioner argues that because his guilty plea was not knowingly, intelligently, or voluntarily given, it was unconstitutional and violated his *Boykin/Tahl* rights.  (Pet. at 5, Docket No. 1; Traverse at 6, Docket No. 41.)  Petitioner further asserts that the State courts' denial of his habeas petition was prejudicial and a miscarriage of justice.  (Pet. at 3-4A, Docket No. 1.)

On October 15, 1998, the Court dismissed the petition without prejudice for failing to pay the habeas filing fee.  (Docket No. 13.)  On June 26, 2006, Petitioner filed a Rule 60(b) motion for reconsideration pursuant the Federal Rules of Civil Procedure.  (Docket No. 19.)  In that motion, Petitioner argued that the failure to pay the filing fee did not result from his failure to act diligently to pay the fee, but from the California Correctional Institution's failure to remit said fee to the Court.  (*Id.*)  On March 30, 2007, the Court granted Petitioner's Rule 60(b) motion and reopened the case.  (Docket No. 26.)  On May 8, 2007, the Court ordered Respondent to show cause as to why the instant petition should not be granted.  (Docket No. 33.)

On August 31, 2007, Petitioner filed an addendum to his petition and asserted *Cunningham v. California*, 549 U.S. 270 (2007) in support of his argument that his 1982 conviction was invalid, and thus, improperly used to enhance the sentence for his 1987 conviction. (Addendum to Pet. ("Addendum") at 1, Docket No. 38.)

On September 5, 2007, Respondent filed an answer to the Court's order to show cause and argued that the petition should be denied based on two grounds. First, because Petitioner's 1982 conviction is no longer open to direct or collateral attack pursuant to *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001). (Answer at 3, Docket No. 40.) Second, because his challenge to the denial of his habeas petition by the State amounts to a challenge to the State's post-conviction review process, which is not a cognizable claim for federal habeas review. (*Id.*)

On October 4, 2007, Petitioner filed a traverse arguing that the 1982 conviction is open to collateral attack and outside the scope of *Lackawanna* because he was still on parole for his 1982 conviction when he was arrested for his 1987 conviction. (Docket No. 41.)

## III.   APPLICABLE LAW

### A.   Standard of Habeas Review

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs all federal habeas petitions filed after the effective date of the AEDPA, April 25, 1996. *Woodford v. Farceau*, 538 U.S. 202, 204-207 (2003).

Under the AEDPA a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in State court only if the State court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A State court decision is "contrary to" federal law if it conflicts with a finding of law made

by the Supreme Court, or if it conflicts with a decision made by the Supreme Court in any case with "materially indistinguishable facts." *Williams v. Taylor*, 539 U.S. 362, 412-413 (2000). A finding of "unreasonable application" of clearly established federal law requires more than a clearly erroneous or incorrect application of federal law. *Id*. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Moreover, the AEDPA does not require a federal habeas court to adopt any particular methodology in deciding whether a State court decision is contrary to or an unreasonable application of clearly established federal law. *Id*. at 71.

A State court has "adjudicated" a petitioner's constitutional claim "on the merits" for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review on the merits. *Barker v. Fleming*, 423 F.3d 1085, 1092 (9th Cir. 2005). It is an error for a federal court to review *de novo* a claim that was adjudicated on the merits in state court. *See Prince v. Vincent*, 538 U.S. 634, 638-43 (2003) (reversing a judgment of the 6th Circuit granting habeas relief on *de novo* review where the claims did not meet the standards of relief under § 2254(d)(1)).

**B.     Lackawanna**

In *Lackawanna*, the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." 532 U.S. at 403 (internal citation omitted). In addition, the Court stated that "if that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id*. at 404. The only recognized exception to this rule is when "there was a failure to appoint counsel in violation of the Sixth Amendment." *Id*.

//

//

### C. Challenges to State Post-Conviction Review

"A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (citing 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975)); *see also Hubbart v. Knapp*, 379 F.3d 773, 779 (9th Cir. 2004). In *Franzen*, the appellant filed a petition for a writ of habeas corpus in federal court claiming that the State court's delay in deciding his petition for state post-conviction relief violated his due process rights. 877 F.2d at 26. The district court dismissed appellant's petition, however, because it amounted to a challenge to the State's post-conviction review process, and not a request for relief based on a constitutional violation. *Id.* In affirming the district court's decision, the Ninth Circuit joined the majority of circuit courts in holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas . . . proceedings." *Id.*

## IV. DISCUSSION

### A. 1982 Conviction

As noted, Petitioner argues that his 1982 conviction is invalid because it resulted from ineffective assistance of counsel, and an unconstitutional guilty plea obtained in violation of his *Boykin/Tahl* rights. (Pet. at 5, Docket No. 1 (citing *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969) and *In re Tahl*, 1 Cal.3d 122, 132-33 (1969) (holding that a guilty plea must be knowingly, voluntarily, and intelligently given)).) Petitioner's argument fails.

In *Lackawanna*, the Supreme Court held that when a state conviction is no longer open to direct or collateral attack in its own right, because the defendant unsuccessfully pursued or failed to pursue available remedies, a court may deem the conviction conclusively valid. 532 U.S. at 403. The court also stated that if that conviction is later used as a predicate offense to enhance the sentence for a subsequent criminal conviction, the defendant may not challenge the enhanced sentence through a § 2254 petition on the basis that the predicate offense was unconstitutionally obtained. *Id*. at 404. The only recognized exception to this rule is when there was a failure to appoint counsel for the predicate offense. *Id.*

Here, Petitioner did not appeal his 1982 conviction and completed the sentence imposed for that offense. (Pet. at 3, Docket No. 1.) Furthermore, at the sentencing hearing for his 1987 conviction, Petitioner had the opportunity to challenge the use of his 1982 conviction to enhance his sentence, but waived his right to do so. (Answer, Ex. B at 1-2.) On appeal, the appellate court affirmed Petitioner's 1987 conviction and sentence holding that the guilty plea for his 1982 conviction was constitutional, and thus, properly relied upon to enhance his 1987 sentence. (Answer, Ex A at 8 and Ex. B at 17-19.) Petitioner's 1982 conviction, therefore, is "no longer subject to appeal or collateral attack in its own right." Because the State provided Petitioner with counsel for his 1982 conviction, the exception provided for in *Lackawanna* does not apply, thus barring Petitioner from challenging his 1982 conviction through the federal habeas review process.

Finally, Petitioner's reliance on *Cunningham* to argue that his 1982 conviction was invalid is misplaced. In *Cunningham*, the Supreme Court stated that any fact that exposes a defendant to a sentence above the statutory maximum "must be found by a jury, not a judge, and established beyond a reasonable doubt not . . . a preponderance of the evidence. 549 U.S. at 281. However, the *Cunningham* Court also stated that this rule does not apply when that fact is a prior conviction. (*Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).) Here, because Petitioner's had two prior convictions on his record - one in 1979 and one in 1982 - the judge elevated his sentence to twenty (20) years to life in accordance with the habitual offender sentencing regime. These predicate offenses were valid prior convictions. Therefore, Petitioner's challenge to the validity and use of his 1982 conviction to enhance his 1987 sentence must fail.

**B.     State's Denial of Writ of Habeas Corpus**

Petitioner further asserts that the State court's denial of his habeas petition was a "miscarriage of justice." (Pet. at 2-4A, Docket No. 1.) Although it is not clearly stated, it appears that Petitioner is arguing that there were errors in the State's post-conviction review process. (Pet. at 6., Docket 1.)

It is well settled that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).  Therefore, Petitioner's claim that the State's denial of his habeas petition was prejudicial and a miscarriage of justice is not cognizable in this Court.

**IV.  CONCLUSION**

For the reasons stated herein, the Court DENIES the petition.

DATE:  3/5/10

                                  Saundra Brown Armstrong
                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DANIELS,

        Plaintiff,

 v.

CARRY,

        Defendant.
                                                  /

Case Number: CV98-03122 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffrey M. Daniels C05131
CSP-LAC
P.O. Box 8457
Lancaster, CA 93539-8457

Dated: March 10, 2010

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk